Argued June 1; affirmed July 5, 1933

## LESTER *v.* IRVING INVESTMENT CO. ET AL.

(23 P. (2d) 327)

*McDannell Brown,* of Portland (C. M. Idleman, of Portland, on the brief), for appellant.

*Richard Sleight,* of Portland (Edward J. Brazell, of Portland, on the brief), for respondent.

KELLY, J. Mr. George T. Moore, late of Multnomah county, organized and conducted the Irving Investment Company, a corporation, and numerous other investment companies, among which, as stated in the said receiver's brief, "certain properties and assets were continually being shuffled about".

The plaintiff, imposing implicit confidence in him, placed monies, aggregating the face value of the mortgages in suit, in his hands upon his assurance that such monies would be invested in first mortgage securities. It is claimed by the receiver that stock in the Irving Investment Company was issued to plaintiff. Plaintiff disclaims any knowledge that such stock was issued to her at any time, although at different times, during the course of her dealings with Moore, she executed papers at his dictation without informing herself of their real nature. She asserts that until Moore's death she supposed that her money was secured by first mortgages only. The mortgages in suit, however, are second mortgages.

The legal question sought to be presented by the receiver is whether the Irving Investment company had authority to execute the mortgages in suit in exchange for its corporate stock. The answers of the receiver do not allege any provision of the by-laws which prohibit such a course, but allege only the conclusion that it is contrary to such by-laws. The grounds for the appointment of the receiver are not alleged in the answers, nor

is there any allegation of specific indebtedness owing to any creditor or creditors of the investment company who would be prejudiced by the exchange of corporate stock for the mortgages in suit.

■ In order to grant the receiver the relief he seeks, we must hold that the answers disclose a good defense on the merits and that the learned trial judge abused his judicial discretion in denying such relief. The record, as we view it, does not warrant us in so holding.

The order of the circuit court is affirmed.

BAILEY, BELT, and ROSSMAN, JJ., concur.

RAND, C. J., did not participate in this decision.